■ ELIZABETH KNOFF et al., Appellants, v. JERRY CACCAVALLO et al., Respondents.— Appeal from an order denying an application (1) to transfer an action from the City Court of the City of New York to the Supreme Court, Kings County, (2) for leave to serve an amended complaint so as to allege damages in greater amounts, and (3) for leave to serve a supplemental bill of particulars. The action was brought to recover damages (a) for personal injuries alleged to have been received by appellant Elizabeth Knoff, and appellant Frank Knoff, her husband, in a collision between motor vehicles, (b) for medical expenses and loss of the wife's services, and (c) for injuries to the motor vehicle of appellant Frank Knoff. Order reversed, without costs, and application granted, without costs, to the extent (1) of transferring the action to the Supreme Court, Kings County, (2) of granting leave to serve an amended complaint so as to allege damages in a greater amount on behalf of appellant Elizabeth Knoff and on behalf of appellant Frank Knoff for his cause of action for medical expenses and loss of services, incidental to his wife's injuries, and (3) granting leave to serve a supplemental bill of particulars. The amended complaint and the supplemental bill are to be served, if appellants be so advised, within 10 days after entry of the order hereon. The showing of the appellant wife, supported by an affidavit of a thoracic surgeon who was attending her, warrants transfer of the action so that she may be sufficiently recompensed. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur. Settle order on notice.

■ EMILIE A. MARUM, Respondent, v. FERDINAND H. MARUM, Appellant. — In an action by a wife for a separation, the husband appeals from a judgment which, *inter alia,* granted the wife a separation on the ground of cruel and inhuman treatment and directed the husband to pay $60 a week for her support. The appellant had interposed a separate defense, alleging that he was incapable of marrying respondent in that at the time of his marriage to her he was lawfully married to another woman, that a Mexican decree of divorce obtained by him from that other woman prior to his marriage to respondent was invalid and void, and that he was compelled by respondent to obtain such decree. Judgment reversed, without costs, and action remitted to the Special Term for the limited purposes (1) of making findings of fact, upon the basis of all the proof heretofore adduced, with respect to (a) appellant's cruel and inhuman treatment of respondent and (b) the validity of the Mexican decree of divorce and the estoppel of appellant to deny its efficacy, including, but not limited to, the following: (I) Did appellant appear in person in the Mexican court? (II) Did appellant testify in person in the Mexican court? (III) Did appellant go to Mexico solely for the purpose of obtaining a divorce? (IV) Did appellant intend to relinquish his residence in New York and to maintain his residence in Mexico? (V) Prior to the date of the Mexican decree, did respondent know or was she advised that appellant did not intend to relinquish his residence in New York? (VI) Prior to the marriage of the parties did respondent know or was she advised that the Mexican decree would be invalid?, and (2) of directing the entry of judgment thereon. (Cf. *Alfaro,* v. *Alfaro,* 2 A D 2d 693.) Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur. [10 Misc 2d 695.]